IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

Mary Riley,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 2:12-CV-09234

ETHICON, et. al.,

          Defendants.

ORDER

Pending before the Court is Plaintiff's Motion to Reconsider and Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59. [ECF No. 8]. Defendants have responded [ECF No. 10] and Plaintiff has filed a reply [ECF No. 11]. The motion is ripe for judgment. For the reasons contained herein, the Motion is **DENIED**.

I.    **BACKGROUND**

The instant motion relates to the transvaginal mesh suits in MDL 2327. Plaintiff filed her short form complaint on December 18, 2012. [ECF No. 1]. On February 19, 2016, Defendants filed a motion to dismiss on the basis that Plaintiff failed to timely effectuate service of process pursuant to Rule 4(m) and that Plaintiff failed to "avail herself of the provisions of Pretrial Order No. 20, pertaining to 'Waiver of Service for Ethicon, Inc. and Johnson and Johnson.'" [ECF No. 4]. The court granted that motion after Plaintiff filed to respond to the Rule 12(b)(5) motion to dismiss.

Plaintiff filed this motion to reconsider the order dismissing her complaint,

arguing that to extinguish her claim would create a manifest injustice and that she has not received the opportunity to address the merits of Defendants' motion to dismiss. [ECF No. 9]. Plaintiff states that her failure to respond to the motion to dismiss was the result of a "clerical error that occurred when Plaintiff's legal assistant failed to calendar the response . . . prior to going on vacation." [ECF No. 9 at 2–3]. Plaintiff goes on to explain, "During the time the motion was electronically filed with the Court, and the Court considered the motion, no one was able to identify that the motion involved plaintiff's counsel's client amidst the thousands of emails that are sent by the Court during the pending of the suit. Defendant certainly did not serve the Plaintiff's counsel separately." *Id.*

## II.   LEGAL STANDARD

Plaintiff moves under Rule 59, but her motion discusses the application of the excusable neglect standard of Federal Rule of Civil Procedure 60(b). I will therefore consider the motion under both rules.

### A. Rule 59(e) of the Federal Rules of Civil Procedure

Rule 59(e) of the Federal Rules of Civil Procedure authorizes the court to alter or amend a judgment after its entry. Fed. R. Civ. P. 59(e). Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, but the Fourth Circuit previously recognized that "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *Equal Emp't Opportunity Comm'n v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "In general

'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. 1998)). The "rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment. *Id.*

### B. Rule 60(b) of the Federal Rules of Civil Procedure

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citations omitted). The enumerated reasons for relief from final judgment under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence not available at trial; (3) fraud; (4) a void judgment; (5) judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

As the Fourth Circuit has provided, "excusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont Nemours & Co.,*

*Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). This inquiry "is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." *Stratford v. Brown*, Case No. 2:17-cv-03963, 2018 2018 WL 4623656 (S.D. W. Va. Sept. 26, 2018) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Thompson*, 76 F.3d at 534 (*quoting Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (noting that of all relevant factors to consider, "the reason for the delay, including whether it was within the reasonable control of the movant" carries the most significance).

### III. DISCUSSION

I have previously held that a failure to monitor e-mail addresses does not warrant overturning my judgment under Rule 60(b)(1). *See, e.g., In re Am. Medical Sys., Inc., Pelvic Repair Sys. Liab. Lit.*, 2:14-cv-28603, 2017 WL 2350230 (S.D. W. Va. May 30, 2017). MDL practice is complex and requires diligent monitoring of the docket. It is incumbent upon Plaintiff to keep abreast of deadlines. It is neither Defendants' nor the Court's personal responsibility to inform Plaintiff's counsel about activity in her individual case when Plaintiff's counsel has opted to receive these updates via the CM/ECF system. The CM/ECF system was put in place to help the parties oversee motion practice in their active cases. I find that the Plaintiff's failure to be aware of the Defendants' motion under these circumstances is not an example of excusable neglect under Rule 60(b).

Plaintiff has not pointed out an intervening change in controlling law or new evidence that has become available, so there must be a manifest injustice in the outcome in order to alter or amend the court's decision to dismiss under Rule 59(e). Having already concluded that Plaintiff's failure to respond does not rise to excusable neglect, I find that there is no manifest injustice in dismissing the action for failure

to timely respond to the motion to dismiss.

## IV.  CONCLUSION

The Motion to Reconsider and Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59. [ECF No. 8] is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  February 9, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE